GEORGE HANCE v. GEORGE WEST AND OTHERS.

A·testator devised lands to certain of his sons without words of inherit-
ance. He then devised to Vincent, another of his sons, as follows:
"I give and bequeath to my son, Vincent Brinley, the use of that
part of the farm, &c., (describing it,) also, two lots of woodland  *  *
*  *  *  also one acre of salt meadow." *Held*, that Vincent took
an estate in fee in the premises devised.

In ejectment. Case certified from the Circuit Court of
Monmouth.

Two questions, arising under the will of William Brinley,
deceased, were presented for the consideration and advisement
of the court.

*First.* Whether Vincent Brinley took an estate in fee, or a
mere estate for life, in the premises devised to him ; and

*Second.* What interest or estate was given to the persons
taking title under the residuary clause of the will.

The cause was argued before the CHIEF JUSTICE and Jus-
tices ELMER, BEDLE, and DALRIMPLE.

For the plaintiff, *R. Allen, Jr.*

For the defendant, *Joel Parker.*

The opinion of the court was delivered by

DALRIMPLE, J.   The question in this case is, whether by
the will of William Brinley, deceased, his son Vincent took
a fee, or an estate for life only, in the premises in dispute.
The testator devises all his real estate to his sons. No one
of the devises contains words of inheritance. That to Vin-
cent is as follows : " I give and bequeath to my son, Vincent
Brinley, the use of that part of the farm, (which is described,)

also two lots of woodland    *    *    *    *    *    also one acre of salt meadow."

The premises in dispute are that part of the farm given to Vincent. There is no devise over of any of the lands, and nothing further in the will evincing the intention of the testator as to the *quantum* of interest which Vincent should take, except in a subsequent clause of his will, the testator speaks of a certain salt meadow as adjoining that which he had given his son Vincent.

It is assumed by the counsel of defendants, in the written brief which he has submitted to the court, that the devise of the *use* of the farm, gives an estate for life only. No authority is cited in support of this assumption. I do not think it can be maintained, either on principle or authority.

A devise of the use of lands, is, in effect, a devise of the benefit, income, or profits arising therefrom. It was held, in the case of *Den* v. *Manners, Spencer* 142, that a devise of the rents, issues, and profits of land, is a devise of the land. To the same effect is the case in 9 *Mass.* 355. See, also, *Comyn's Dig., tit. Estates by Devise*, note 1. The use of lands is the right to take the rents, issues and profits. The devise now under consideration must, therefore, be held to be a devise of the rents and profits. It gives a legal estate of the same duration as if it had been of the land in terms. I find nothing in the will, taken as a whole, which satisfies me that the testator intended, by the phraseology used in making the devise to Vincent, that he should take but a life estate. There is no devise over either to the children of Vincent, or to any other objects of the testator's bounty. At the common law, neither Vincent nor any of his brothers would, under this will, take in the lands devised to them, respectively, a greater estate than an estate for life. But by our statute of 1784, (*Nix. Dig., p.* 920, § 39,)* it is enacted that all devises made of real estate, in which words of inheritance are omitted, and no expressions are contained in the will, showing that such devise was intended to convey only an estate for life, and no further devise of the

---

* *Rev., p.* 300, § 13.

Hance v. West et al.

devised premises being made after the decease of the devisee to whom the same shall be given, in all such devises it shall be taken and understood to be the intention of the testator to grant an absolute estate in fee in the same.

There are no expressions contained in this will which, properly construed, show that the devise to Vincent was intended to convey an estate for life, and, as already stated, there is no further devise of the lands after the death of Vincent. The case is, therefore, within the operation of the statute. In the words of the statute, the devise must " be construed, deemed, and adjudged in all courts of law and equity in this state, to convey an estate in fee simple to the devisee for all such devised premises, in as full a manner as if the same had been given or devised to such devisee, and to his heirs and assigns forever, any law, usage, or custom to the contrary notwithstanding."

It would be a forced construction, to hold that the testator intended, by the expression *use*, to limit Vincent's interest in the farm to an estate for life, and by his omission to insert that word in the devise of the woodlands and salt meadow, that he should take in them an estate in fee. I cannot think that the testator intended, by the mere change of expression, that Vincent should take a larger and more beneficial estate in the woodlands and meadow than in the farm, when the two forms of expression, in law, denote precisely the same estate. The only fair construction to be put on the language used, is that the devisee took the same estate in all the lands devised to him : that is, an estate in fee. If, however, it is contended that by the proper grammatical construction of the terms of the devise, the word *use* applies to all the lands devised to Vincent, it must be borne in mind that the testator, in speaking of one of the lots, refers to it as the one which he had given his son Vincent. I cannot bring my mind to the conclusion that he would thus have spoken of it, if he understood that he had not given it to Vincent, according to the ordinary acceptation of these terms. It seems to me quite clear, that he

would not have used such words, if he had understood that Vincent was not to have the lands, but only the use thereof during life. We are now asked to hold that the testator did not give the lands to Vincent, except in a limited sense, and in such way, that upon his death they would go, not to the children of Vincent, but to the testator's heirs at law, or residuary devisees. Besides, it will be found, on examination of the other clauses of the will, that the lands devised to the other sons, who, it is admitted, take an estate in fee, are referred to as having been given to them, in precisely the same terms as the testator refers to the salt meadow given to Vincent. Did the testator mean, by the same expression, to denote gifts of a different character? The whole argument in favor of defendants, on this point, must rest on the simple fact that in the devise to Vincent the word *use* is found, and in the devises to the other sons it is omitted. This difference is wholly immaterial. In all other respects the devises are the same. Suppose, to the other devises there were annexed strict words of inheritance, but none to Vincent's, though otherwise the same, would it not be directly in face of the statute to hold that while the former gave a fee the latter did not? Yet the case supposed is stronger than the one now before the court. What expression is there in this will, whereby it doth appear that the devise to Vincent was intended to convey an estate for life? None, unless it may be the word *use;* but that applies as well to an estate in fee as for life. Is there any further devise of the devised premises after the death of Vincent; to whom the same are given. It is not pretended that any further reference is made to them. To whom, then, but Vincent was the fee given? The result is, therefore, the same, whether we give the strict technical meaning to the terms of the devise, or consider it with reference to the context.

This view of the case renders it unnecessary to consider the proper construction of the residuary clause of the will, under which the defendants claim. It may, however, be

observed, that it is only by construction that that clause is made to include real estate at all.

Neither as devisees nor as heirs-at-law of the testator, did those under whom the defendants claim acquire any interest in the premises in dispute.

The Circuit Court of Monmouth should be advised that the plaintiff is entitled to judgment on the case stated, for the equal undivided one-half of the tract of land in the plaintiff's declaration described.

ELMER, J., (dissenting.) The will of William Brinley, made in 1838, devises the premises in dispute, as follows: "I give and bequeath to my son, Vincent Brinley, the use of that part of my farm," &c., (and other property, describing it,) without any words limiting the estate, or any devise over. The devises in the will to his other children are the same, except that the words, "the use of," are omitted.

After the several devises follows this clause: "Lastly, I give and bequeath all the notes, bonds, and mortgages, and other obligations which I hold, and which are of right mine, together with all the rest and residue of my estate, goods and chattels, to my five daughters, (naming them,) to be equally divided among them."

Two questions are made in this case, under this will:

*First.* Did the devise to Vincent give him an estate in fee, or an estate for life only. If he took the premises in fee, the plaintiff is, entitled, as one of his heirs, to a judgment for an undivided one-half part.

*Second.* If Vincent took an estate for life only, did the reversion of the premises go, upon his death, to the heirs of William Brinley, the testator, as undevised property, in which case the plaintiff is entitled to recover a less proportion; or did the remainder in said premises pass to the five daughters of the testator, by virtue of the aforesaid residuary clause, in which case the defendants are entitled to the judgment.

In my opinion, Vincent took an estate for life only. That the devises to all the children except Vincent, gives them estates in fee, by virtue of the statute, (*Nix. Dig.* 215,)* is unquestionable. Had all the devises been in the same words as that to Vincent, it may be they would have come within its provisions. But here there is a marked difference. The same will which devises the property specifically to several children, in the case of Vincent devises only the use of it, thus showing that it was not intended he should have the power of disposing of it. It cannot, therefore, be said that " no expressions are contained in this will and testament whereby it shall appear that such devise was intended to convey only an estate for life;" for these words, " the use of," when applied to one devise, and not to others, in my opinion do clearly show an intention not to give an estate in fee, but to give only an estate for life. Unless we give this effect to these words, they must be altogether disregarded as having no meaning.

As to the second question, I think the residuary clause gives the remainder in the premises devised for life to Vincent, to his five daughters. The case comes within the well established rule, that a devise of all the rest and residue of my estate, goods and chattels, is sufficient to pass the real estate. 1 *Jarm. on Wills* 670, and cases. That the testator intended to give those daughters, not only all his notes, bonds, mortgages, and other obligations, but all the rest and residue of his estate, and of his goods and chattels, not otherwise disposed of in his will, seems too plain to be disputed. There is nothing in the other parts of the will, and nothing in the connection in which the word " estate" is used, to limit its meaning, and prevent it from including real estate.

I am, therefore, of opinion that it should be certified to the Circuit Court that judgment be entered for the defendants.

*Rev., p.* 300, § 13.